UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11327-GAO

CUMMINGS PROPERTIES, LLC,
Plaintiff,

v.

PROMETHEAN SURGICAL DEVICES, LLC,
Defendant.

OPINION AND ORDER
August 9, 2010

O'TOOLE, D.J.

After careful review of the parties' submissions, the Plaintiff's Motion to Strike Defendant's Demand for Jury Trial (dkt. no. 35) is GRANTED.

Review of the parties' submissions indicate that Promethean Surgical Devices, LLC knowingly and voluntarily agreed to the jury waiver contained in the commercial lease between the parties. See Med. Air Tech. Corp. v. Marwan Inv., Inc., 303 F.3d 11, 19 (1st Cir. 2002) (noting factors relevant to determining party's knowledge and voluntariness include that party's business experience and education, its access to counsel, its role in negotiating contract terms, and each party's relative bargaining strength). Jeff Wilson, Promethean's CEO, had experience negotiating business contracts and had signed commercial lease agreements in the past. Wilson's affidavit statement that he was unaware of the jury waiver provision in part because he never noticed such a waiver in past lease agreements is, first, unpersuasive and second, unavailing in any event.

Wilson had access to corporate counsel at the time he signed the lease agreement, and the terms of the lease were plainly negotiated. Terms were added or modified in several sections of the lease agreement, and specific lines were stricken from the agreement before it was signed. See Leasing Serv. Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986) (finding crossed out sentence appearing in the middle of a two page lease agreement evidence that lease terms were negotiated). Moreover, Wilson reviewed the lease prior to signing it; he also signed the four page lease agreement and the three page rider to the lease.

Jury waivers are common in lease agreements. See Smyly v. Hyundai Motor Am., 762 F. Supp. 428, 430 (D. Mass. 1991). Additionally, both Promethean and the plaintiff, Cummings Properties, LLC, had similar bargaining power. Wilson was not forced to sign the agreement—he had been negotiating a lease agreement for another property when he decided to sign with Cummings. See Leasing, 804 F.2d at 833 (finding lessee had equal, if not greater, bargaining power with lessor when courted by another potential lessor). The jury waiver also applied equally to both parties, thereby reflecting similar bargaining strength. See RDO Fin. Servs. Co. v. Powell, 191 F. Supp. 2d 811, 814 (N.D. Tex. 2002) (finding unequal bargaining power between parties when jury waiver could only be enforced unilaterally).

Finally, there are no rules governing how jury waiver provisions should appear in form contracts. Conn. Nat'l Bank v. Smith, 826 F. Supp. 57, 60 (D.R.I. 1993). Courts have enforced relatively inconspicuous jury waivers if they are part of a short contract. Id. at 60-61 (collecting cases). The lease agreement between Prometheus and Cummings is only four pages long with the jury waiver appearing on the signature page. The jury waiver is not set apart from the text of the

lease, but it is not hidden. Furthermore, the waiver shares the same font size with all of the lease terms and the term "jury" is italicized, thus drawing attention to it. <u>See</u> <u>id.</u>

The defendant's jury demand is stricken.

It is SO ORDERED.

                                          <u>  /s/ George A. O'Toole, Jr.</u>
                                          United States District Judge